UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL C SMITH,
                              Plaintiff,

            v.

CITY OF KENT et al.,
                              Defendants.

CASE NO. 2:25-cv-02549-TL

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT

This matter is before the Court on Plaintiff Randall C. Smith's Emergency Motion for Immediate Restraining Order, which the Court construes as a motion for a temporary restraining order ("TRO"). Dkt. No. 12. Plaintiff seeks *ex parte* relief—relief issued without notice to the named Defendants and before they have a chance to respond. *Id.* Having considered the motion and the relevant record, the Court DENIES the motion and DISMISSES the complaint pursuant to 28 U.S.C § 1915(e)(2)(B) with limited leave to amend.

On December 12, 2025, Plaintiff filed a petition to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. To this petition, Plaintiff attached a proposed complaint against

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 1

Defendants King County Prosecutor's Office, Kent Police Department, and King County Public Defender's Office. Dkt. No. 1-1. On December 18, 2025, the IFP petition was granted, and the Complaint was added to the docket. Dkt. Nos. 4, 5. On direction from the Court, however, the Clerk of Court has not yet issued a summons, pending review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Pursuant to that statute, the Court must dismiss a case filed *in forma pauperis* if at any time it determines that the action is frivolous or fails to state a claim on which relief may be granted. Along with addressing the Motion for TRO, the Court now reviews Plaintiff's complaint under 28 U.S.C § 1915(e)(2)(B). *See infra* Section II.

On March 19, 2026, Plaintiff filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), which is the operative complaint in this matter. Dkt. No. 9. The Amended Complaint adds three Defendants: the City of Kent, Matthew Scott Frost, and Wendy Sichel. *Id.* at 1–2. Defendants Frost and Sichel appear to be Plaintiff's current or former defense attorneys. *See id.* at 5.

The Amended Complaint alleges violations of Plaintiff's rights under the First, Fifth, and Sixth Amendments of the United States Constitution and under Article I, section 5 of the Washington Constitution, as well as claims for "Defamation of Character" and "Slander," which the Court construes as Washington common-law claims. The facts in support of these claims are few, and are reproduced here in their entirety:

> These attorneys have violated the Attorney-Client privilege, used statements made that are legitimate in case to question my sanity. . . . I have assisted Mr. Frost with preparing my defense. Mr. Frost refuses to file relevant motions and has instead attacked my sanity for asking for a trial. Mr. Sichel has assisted in this effort and is in fact uneducated in court/appeal procedures regarding judicial rulings and precedence.

Dkt. No. 9 at 5.

The Amended Complaint contains no facts related to any actions by the City of Kent, the Kent Police Department, the King County Public Defenders, or the King County Prosecutors (the "municipal Defendants").[1]

On May 4, 2026, Plaintiff filed the instant Motion for TRO, along with over three hundred pages of attached documents (Dkt Nos. 13, 13-1, and 13-2) and a high-speed USB drive. In the Motion, Plaintiff alleges "numerous irregularities/and violations of procedure" in ongoing criminal proceedings against him in state court. Dkt. No. 12 at 2. He asks the Court to

> consider the attached Affidavit and supporting documentation
> along with recordings to grant this Motion and allow the Petitioner
> the injunction requested in the Civil Lawsuit against EHM, which
> would allow the Petitioner to search for counsel without
> obstruction . . . .

*Id.* at 5.

### I.    MOTION FOR TRO

**A.    The Motion for TRO Cannot Be Granted *Ex Parte***

"A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). As a general rule, Courts "may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and "have recognized very few circumstances justifying the issuance of an *ex parte* TRO," *Kovalenko*, 2022 WL 16737471, at *2 (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). Federal

---

[1] The Court notes that Plaintiff's original complaint contained different facts and allegations, which were more clearly related to at least some of the municipal Defendants. *See* Dkt. No. 5 at 5–6. It is possible that Plaintiff believed that his Amended Complaint would supplement that earlier filing, and that the two documents might be considered together, giving a fuller picture of his claims. However, when a plaintiff amends a complaint, it supersedes and completely replaces the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (same). Therefore, the Court has only the allegations of the Amended Complaint to consider now.

Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party only if the movant provides "specific facts in an affidavit or a verified complaint" demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant's attorney (or, here, the pro se movant) must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This District's Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Here, Plaintiff does not acknowledge this heightened standard (or any standard for preliminary injunctive relief), and his motion fails to meet it. For one thing, Plaintiff has not documented any attempts to contact Defendants. He also has not demonstrated "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or sufficient "reasons why [notice] should not be required." It is unclear to the Court how Plaintiff might be prejudiced if it does not take swift action, and just as unclear what action Plaintiff even wants the Court to take.

On the record before it, the Court does not find that Plaintiff's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also* Winter, 555 U.S. at 24 (preliminary injunctive relief—even *with* notice—is an "extraordinary remedy never awarded as of right").

**B.      The Motion for TRO Is Denied on Its Merits**

Normally, the analysis would end there: the Court would deny the TRO for failure to comply with Rule 65(b)(1) and allow Plaintiff to renew his motion upon proper notice to

Defendants. Here, however, it is not so simple. Because a summons has not been issued, Plaintiff cannot complete service on Defendants under Federal Rule of Civil Procedure 4(c)(1). Moreover, the operative complaint will be dismissed, with limited leave to amend, for reasons explained below. *See infra* Section II. It would be exceedingly unusual for Plaintiff to notify Defendants of a motion in this action when no summons has been issued and the complaint has been dismissed.

Fortunately, this unusual situation can be avoided, because the motion for TRO provides enough information for the Court to deny the motion upon a fuller analysis. Because the Court denies the motion, Defendants are not prejudiced by lacking an opportunity to be heard.

The relief Plaintiff seeks is an Order granting "the injunction requested in the Civil Lawsuit against EHM" (Dkt. No. 12 and 5), and possibly also an injunction preventing King County Superior Court "from proceeding in the Cause of State of Washington v. Randall C. Smith, Cause No. 25-1-078210 KNT" (*id.* at 2). As to the first request, the Court is not aware of who or what "EHM" refers to, what the nature is of any civil case against EHM, what court such case is pending in, or what injunctive relief is sought in that case. The Court may not take action without knowing what the terms of that injunction are. Moreover, "EHM" is not a party to this case. Principles of equity dictate that "no court may lawfully enjoin the world at large," and there are few circumstances in which a Court may enjoin the actions of non-parties. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F. 2d 832 (2d Cir. 1930)). Pursuant to Federal Rule of Civil Procedure 65, a court may order injunctive relief that "binds only . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in subsections (A) and (B). Fed. R. Civ. P. 65(d)(2). The Court has no information

//

//

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 5

allowing it to conclude that it may enjoin the actions of "EHM," whomever that may be.[2] Moreover, if there is indeed a "Civil Lawsuit against EHM," the court where that action is proceeding is the proper venue to seek this relief.

To the extent Plaintiff asks the Court to enjoin state criminal proceedings against him, he again seeks relief this Court cannot grant. The Court's authority to issue injunctive relief derives from the All Writs Act, 28 U.S.C. § 1651, and is limited by other statutes. Relevant here, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings unless one of three narrow exceptions applies. 28 U.S.C. § 2283.[3] Under the Act, the power to enjoin state court actions is available to federal courts only when (1) Congress has expressly authorized it; (2) it is necessary in aid of the federal court's jurisdiction; or (3) it is necessary to protect or effectuate the federal court's judgments. *Id.; see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002).

The second and third exceptions clearly do not apply here. There is no federal judgment to protect, and the state court's resolution of the criminal case against Plaintiff will have no undue effect on this Court's jurisdiction to hear Plaintiff's claims.

---

[2] The Court acknowledges that Plaintiff has filed voluminous paper and digital records along with his motion, and it is possible, perhaps even likely, that some answers may be found therein. But neither the motion nor the accompanying affidavit cites to these materials or presents any argument based on their contents. "Judges are not like pigs, hunting for truffles buried in briefs"—much less in hundred-page documents whose relevance a party does not explain. *United States v. Osborne*, No. 20-10404, 2022 WL 264555, at *2 (9th Cir. Jan. 28, 2022) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)); *see also Orr v. Bank of Am.,* 285 F.3d 764, 775 (9th Cir. 2002) "Judges need not paw over files without assistance from the parties." (quoting *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999)); *Krause v. Nev. Mut. Ins. Co.*, No. C12-342, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014) (Judges are not "archaeologists searching for treasure.").

[3] The Anti-Injunction Act, along with a "longstanding . . . national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances," provided the statutory basis for the Supreme Court's decision in *Younger v. Harris*, in which it instructed that federal courts should not intervene in pending state court criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 at 40–41 (1971) (citing 28 U.S.C. § 2283). This doctrine, known as "*Younger* abstention," likely also applies to bar any relief Plaintiff seeks that would enjoin his state court proceedings. But because the Anti-Injunction Act already restrains the Court as *Younger* abstention would, the Court finds that a separate *Younger* analysis is unnecessary.

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 6

As to the first exception, the Court notes that Plaintiff purports to seek damages for constitutional violations by state actors. *See generally* Dkt. No. 9. If his claims are authorized, it must be by 42 U.S.C. § 1983, which the Supreme Court has found to provide implied authority "expressly authoriz[ing]" federal courts to enjoin state court proceedings where necessary to prevent constitutional violations. *See Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). "[F]ederal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights." *Id.* at 242. However, principles of federalism and comity counsel that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Bennett*, 285 F.3d at 805 (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

As written, the motion for TRO is not within the § 1983 exception because Plaintiff has provided no information indicating that preventing state court proceedings from moving forward is necessary to prevent a constitutional violation. While the Motion for TRO reveals Plaintiff's dissatisfaction with his counsel (Dkt. No. 12 at 3), with police (*id.* at 2), and with "irregularities/and violations of procedure that involve the rights guaranteed by the United States Constitution and Washington State Constitution" (*id.*), he does not explain what these rights are, why any errors, which he characterizes as potentially "clerical" in nature (*id*. at 3), prejudice these rights, or why this Court's action is necessary. Without more, the Court finds that the state court provides a forum for Plaintiff to raise these concerns and is in the best position to address them.

Because there is no basis for the Court to find an injunction is necessary to prevent a constitutional violation, the § 1983 exception to the Anti-Injunction Act does not apply, and the Court does not have the authority to enjoin state court proceedings. Moreover, even assuming the

Court could grant the requested relief, Plaintiff has not satisfied the requirements for a temporary restraining order under *Winter*. To obtain such relief, a plaintiff must establish four factors: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Id.* Here, Plaintiff has presented no facts that demonstrate the first factor: a likelihood of success on the merits of his underlying Complaint before this Court. "The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Accordingly, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

## II.    DISMISSAL OF THE COMPLAINT

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if an IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

//

//

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 8

## A.    Plaintiff Fails to State a Claim for Relief

A well-pleaded complaint must provide sufficient factual details to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds pro se (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should 'not supply essential elements of the [pro se] claim that were not initially pled.'" *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Plaintiff's amended complaint names six defendants and alleges violations of his rights under the First, Fifth, and Sixth Amendments of the United States Constitution and under Article I Section 5 of the Washington Constitution, as well as claims for "Defamation of Character" and "Slander." Dkt. No. 9 at 3. The facts offered in support are:

- "These attorneys"—presumably Defendants Frost and Sichel—violated the Attorney-Client privilege" and "used statements made that are legitimate in case to question my sanity." *Id.* at 5.

- "Mr. Frost refuses to file relevant motions and has instead attacked my sanity for asking for a trial."

- "Mr. Sichel has assisted in this effort and is in fact uneducated in court/appeal procedures regarding judicial rulings and precedence."

These facts, even if true (and the Court, at this stage, assumes that all facts in the Complaint are true) clearly do not "state a claim for relief" against Defendants King County Prosecutor's Office, Kent Police Department, King County Public Defender's Office, and City of Kent, who are not mentioned at all in the Amended Complaint beyond being named as

Defendants. *See generally id.* Therefore, the Court must dismiss all claims against these Defendants.

These facts also do not state a claim against Defendants Frost and Sichel, because they do not, without more, show that a law has been broken or any of Plaintiffs' rights have been violated.[4] Even if they did, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," and therefore cannot be liable for constitutional violations.[5] *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). The Court must therefore dismiss all federal constitutional claims against Defendants Frost and Sichel.

Plaintiff also has not addressed the elements of his state court claims—those brought under the Washington constitution of the common law. In any case, because the Court must dismiss all Plaintiff's federal claims—the only claims over which it has original jurisdiction—it may decline to exercise supplemental jurisdiction over the pendant state law claims. *See* 28 U.S.C. § 1367(c)(3). The Court will decline supplemental jurisdiction over the state law claims and, therefore, these claims will also be dismissed.

The Court therefore FINDS that Plaintiff fails to state a plausible claim for relief in his Amended Complaint. For this reason, the Court must dismiss Plaintiffs' Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

//

//

---

[4] There are several reasons for this. First, whether Defendants violated attorney-client privilege is a legal question that the Court, not Plaintiff, may answer by considering the facts of the alleged violation—but Plaintiff has provided none. Moreover, "'[s]tanding alone, the attorney-client privilege is merely a rule of evidence' and not a free-standing constitutional right." *Miller v. Amador Cnty. Jail*, No. C22-1094, 2022 WL 17741092, at *3 (E.D. Cal. Dec. 16, 2022) (quoting *Partington v. Gedan*, 961 F.2d 852, 863 (9th Cir. 1992)). Plaintiff has not explained how any violation of attorney-client privilege prejudiced any of his constitutional rights.

[5] (The Court assumes Defendants Frost and Sichel are public defenders. If they are private attorneys, the problem is the same: private individuals, not acting under color of state law, are also not liable for constitutional violations.)

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 10

**B.       Limited Leave to Amend**

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). However, that is not the case where "it is absolutely clear that the deficiencies . . . could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

Here, leave to amend the federal constitutional claims against Defendants Frost and Sichel would be futile because, no matter what details Plaintiff adds to his complaint, these Defendants will remain private individuals who are not state actors restrained by (and liable under) the U.S. Constitution. So the federal claims (which are all for constitutional violations) must be dismissed without leave to amend as to Defendants Frost and Sichel. Without federal claims against Defendants Frost and Sichel, the Court declines to assume jurisdiction over the state law claims against them, and these are also dismissed without leave to re-file. Defendants Frost and Sichel are dismissed as defendants in this case.

That leaves the claims asserted against the municipal Defendants: the King County Prosecutor's Office, Kent Police Department, King County Public Defender's Office, and City of Kent (the "municipal Defendants"). Under Washington law, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (citing *Nolan v. Snohomish County,* 59 Wn.App. 876, 883, 802 P.2d 792 (1990)). The King County Prosecutor's Office, the King County Public Defender's Office, and the Kent Police Department are not legal entities capable of being sued; they are municipal departments of King County and the City of Kent. Therefore, they must be dismissed

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 11

as Defendants. Any valid claims for misconduct by these agencies may still be asserted, but only against proper defendants with the capacity to be sued. *See Bradford*, 557 F. Supp. 2d at 1207 (allowing suit against county or city as a party).

As to the claims against the municipal Defendants, with no facts regarding their conduct at all, the Court cannot speculate as to whether Plaintiff may be able to plead the facts necessary to state his claims against them. The Court will therefore grant Plaintiff leave to file a second amended complaint against the one remaining Defendant, the City of Kent, that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. Plaintiff may also amend any claims against the Kent Police Department, the King County Prosecutor's Office, and the King County Public Defender's Office, but these claims must be alleged against a proper defendant or defendants capable of being sued.

### III.    CONCLUSION

Accordingly, it is hereby ORDERED:

(1)    Plaintiff's Emergency Motion for Immediate Restraining Order (Dkt. No. 12) is DENIED.

(2)    Plaintiff's Amended Complaint (Dkt. No. 9) is DISMISSED with limited leave to amend, as follows:

    (a)    Defendants Matthew Scott Frost and Wendy Sichel are DISMISSED from this action, and the claims against them are DISMISSED WITHOUT LEAVE TO AMEND.

    (b)    Defendants King County Prosecutor's Office, King County Public Defender's Office, and Kent Police Department are DISMISSED from this action. The claims against them are DISMISSED WITH LEAVE TO AMEND but may only be re-pleaded against a proper defendant.

ORDER DENYING MOTION FOR TRO AND DISMISSING AMENDED COMPLAINT – 12

(c)   The claims against Defendant City of Kent are DISMISSED WITH LEAVE TO AMEND.

(3)   Plaintiff must file any amended complaint by **June 8, 2026**. Any amended complaint must stand on its own (rather than relying on information in earlier complaints or external documents), and SHALL include a short and plain statement telling the Court:

(a)   the laws or statutes upon which Plaintiffs' claims are based;

(b)   which claims are asserted against which Defendant (if more than one Defendant is named);

(c)   exactly what facts support each alleged violations of law by each Defendant; and

(d)   what specific injury Plaintiff suffered because of each alleged violation of law.

**If Plaintiff does not file a Second Amended Complaint including all required information by June 8, 2026, the Court will dismiss this case in its entirety.**

Dated this 8th day of May, 2026.

Tana Lin
United States District Judge